■ In the Matter of Lyn Gabriel, Appellant, v James P. Melton, as Commissioner of the Department of Motor Vehicles, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Miner, J.), entered September 8, 1980 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* prohibit respondent from revoking petitioner's driver's license and imposing a civil penalty in the absence of a hearing pursuant to subdivision 4 of section 319 of the Vehicle and Traffic Law. Petitioner concedes that in August, 1972 she and another stole an automobile and that at that time she was not covered by an operator's policy of liability insurance. A plea of guilty of the crime of unauthorized use of a vehicle was subsequently entered by petitioner. Thereafter, she was adjudicated a youthful offender, the criminal conviction was vacated and she was given a conditional discharge. Respondent notified petitioner that her driver's license would be revoked unless she could prove that she was covered by insurance while she was the unauthorized operator of the automobile in question. Pursuant to subdivision 4 of section 319 of the Vehicle and Traffic Law, petitioner requested a stay of any revocation or civil penalty pending a hearing. Respondent refused this request and subsequently revoked her driver's license and imposed a civil penalty of $300. In the present proceeding, petitioner sought, among other things, to prohibit respondent from revoking her license or imposing a civil penalty in the absence of a hearing. Special Term denied petitioner's application and dismissed the petition. This appeal ensued. Subdivision 4 of section 319 of the Vehicle and Traffic Law entitles a person found by the Commissioner of Motor Vehicles to have operated a motor vehicle without the required financial security to a stay of the enforcement of a civil penalty and a revocation order based upon such finding at the request of

that person until after a hearing. In the case of a nonowner operator of a motor vehicle, the stay must be vacated after the hearing unless it is found by a preponderance of the evidence that such person had no knowledge that the required financial security was not in effect (Vehicle and Traffic Law, § 319, subd 4). In the present case, petitioner was admittedly operating a stolen motor vehicle. Under such circumstances, we are of the opinion that she is conclusively presumed to know that the required financial security was not in effect. Accordingly, a hearing was unnecessary and respondent properly denied petitioner's request for a stay until after a hearing. The judgment, therefore, must be affirmed. Judgment affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.